# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) DEBRA JOHNSON**, an individual resident of Custer County, Oklahoma,<br><br>Plaintiff,<br><br>versus<br><br>**(1)   THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a foreign (non-Oklahoma) insurance company holding assets and being owed debts in Custer County, Oklahoma<br><br>Defendant. | Case No.   CIV-19-1112-D<br><br>Removed from the District Court for Caddo County, Oklahoma, Case No. CJ-2019-74 |

## **NOTICE OF REMOVAL**

Defendant The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the District Court of Caddo County, Oklahoma, Case No. CJ-2019-74. In support of this Notice of Removal, Prudential states the following:

1.     Pursuant to LCvR 81.2 of the United States District Court for the Western District of Oklahoma, copies of all matters filed of record in the state court proceeding or served upon Defendant are attached hereto along with a copy of the docket sheet (Ex. 1), and all such matters include the following:

      a.  Summons (Ex. 2);

      b.  Petition (Ex. 3);

c. Service on Oklahoma Insurance Commissioner (Ex. 4);

d. Motion for Default Judgment (Ex. 5);

e. Order for Hearing (Ex. 6).

## Timeliness and Background

2. On August 5, 2019, Plaintiff Debra Johnson ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the District Court of Caddo County, Oklahoma, titled *Debra Johnson v. The Prudential Insurance Company of America*, Case No. CJ-2019-74. There are no other parties named in Plaintiff's complaint.

3. As required by Okla. Stat. tit. 36, § 621(B), Plaintiff served Prudential by mailing a copy of the summons and complaint to the Oklahoma Insurance Commissioner, which received the summons and complaint on August 19, 2019.

4. On August 19, 2019, the Oklahoma Insurance Commissioner mailed the summons and complaint to Prudential and Prudential's registered agent by certified mail.

5. Prudential never received the summons and complaint.

6. On October 15, 2019, Plaintiff filed a motion for default judgment against Prudential.

7. On November 11, 2019, Plaintiff's counsel reached out to attorney Shelley Hebert, an attorney who represented Prudential in a different matter he had filed. Plaintiff's counsel informed Ms. Hebert about the motion for default judgment he had filed against Prudential in the instant matter. *See* Declaration of Shelley R. Hebert, attached as Exhibit 7. Plaintiff's counsel also forwarded to Prudential's counsel a copy of the summons,

2

60369804v.4

complaint, motion for default judgment, and order for hearing, setting the default judgment motion for hearing on December 11, 2019. *Id*.

8. To date, Prudential has not received a copy of the Complaint as required by 28 U.S.C. § 1446(b)(1). It has a copy of the lawsuit solely because Plaintiff's counsel emailed it to Ms. Hebert on November 11, 2019.

9. Oklahoma law requires the Insurance Commissioner to send the summons and complaint "with return receipt requested." Okla. Stat. tit. 36, § 622(A) ("Upon receiving service, the Insurance Commissioner shall promptly forward a copy thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same.").

10. Attached to Plaintiff's motion for default judgment are two certified mail receipts showing that the Insurance Commissioner mailed the summons and complaint to an address for Prudential in New York, NY, and to Corporation Service Company in Oklahoma City, OK (Ex. 5).

11. The United States Postal Service tracking information for both certified mail receipts does not show that either package was delivered. Rather, the tracking information for both certified mail receipts states, "In transit." (*See* Exhibit 8.)

12. There is no "return receipt" attached to Plaintiff's motion for default judgment. (*See* Ex. 5.)

13. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the ***receipt*** by the defendant, through service or otherwise, of a copy of the initial

3

pleading setting forth the claim for relief upon which such action or proceeding is based ….." 28 U.S.C. § 1446(b)(1) (emphasis added).

14. To date, Prudential has not received a copy of the Complaint.

15. This removal is thus indisputably timely. Because Prudential has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b). *See Rocky Branch Marina, L.L.C. v. N. Assur. Co. of Am.*, 09-CV-15-GKF-TLW, 2009 WL 997016, at *1 (N.D. Okla. Apr. 14, 2009) (finding that the Insurance Commissioner is a statutory agent and holding that "[b]ecause plaintiff served defendant's statutory agent, the clock for removal did not begin ticking until defendant received a copy of the state court petition from the agent"; removal filed on January 13, 2009 was timely, where defendant did not receive a copy of the summons and complaint until December 31, 2008, even though plaintiff filed suit in September 2008); *Denny v. Illinois Nat. Ins. Co.*, 10-CV-0676-CVE-TLW, 2010 WL 5141656, at *5 (N.D. Okla. Dec. 13, 2010) ("The weight of the case law suggests that it is actual receipt by the defendant that controls for purposes of § 1446(b), regardless of when a state deems service complete."). *See also Shiel v. Pac. Specialty Ins. Co.*, No. CIV-17-1125-D, 2018 WL 830149, at *1-2, n.2 (W.D. Okla. Feb. 12, 2018) (acknowledging *Rocky Branch Marina* and *Denny* cases but not reaching defendant's argument that calculation of the time period for removal starts on the date of actual receipt of the summons and petition because removal was filed within 30 days of the date the Insurance Commissioner forwarded the summons and petition to defendant "with return receipt requested").

**This Case Is Removable Based Upon Federal Question Jurisdiction**

16. Plaintiff alleges that she was a participant in an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and "funded by a policy of insurance" issued by Prudential ("the plan") (Ex. 3, Complaint ¶ 2). Plaintiff brings her action pursuant to ERISA alleging Prudential violated 29 U.S.C. § 1132(a) in terminating her long-term disability benefits under the plan, and seeks to recover the benefits allegedly due to her under the plan's terms (*Id.* ¶¶ 1, 4, 31, WHEREFORE clause).

17. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

18. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits, including the claim for long-term disability benefits alleged in the Complaint. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355, 394 (2002).

19. A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court.").

20. Accordingly, because this action seeks long-term disability benefits pursuant to an ERISA-regulated plan, this action arises under federal law (specifically, ERISA

§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)). The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

## Venue And Notice

21. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 116(c), this District embraces the District Court of Caddo County, Oklahoma, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

## Conclusion

22. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

23. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against it be removed to this Court. The Prudential

Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

**DATED:  November 27, 2019**               Respectfully submitted,


                                              By: */s/ W. Kirk Turner*
                                                  One of Its Attorneys
                                                  W. Kirk Turner, OBA # 13791
                                                  McAfee & Taft
                                                  Williams Center Tower II
                                                  Two W. Second Street, Suite 1100
                                                  Tulsa, OK 74103
                                                  (918) 574-3008
                                                  kirk.turner@mcafeetaft.com

## CERTIFICATE OF SERVICE

☒ I hereby certify that on ___November 27, 2019_____, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James Dunham, Jr.

☐ I hereby certify that on _____, 2019, I served the foregoing document by mail on the following, who are not registered participants of the ECF System (None):

> */s/ W. Kirk Turner*
> W. Kirk Turner