**ORIGINAL**

IN THE DISTRICT COURT WITHIN AND FOR CADDO COUNTY
STATE OF OKLAHOMA

State of Oklahoma
Caddo Co.
**FILED**
AUG 0 5 2019

At _____ O'Clock _____ M.
PATTI BARGER, Court Clerk
By _____ Deputy

| | |
|---|---|
| DEBRA JOHNSON, an individual resident of Custer County, Oklahoma,<br><br>Plaintiff,<br><br>versus<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign (non-Oklahoma) insurance company holding assets and being owed debts in Custer County, Oklahoma,<br>Defendant. | CASE NO. CJ-2019-74<br><br>ATTORNEY'S LIEN CLAIMED |

**COMPLAINT FOR DISABILITY BENEFITS PURSUANT TO THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**

1.  Plaintiff Debra Johnson ("Plaintiff") brings this action pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829, codified, as amended, in scattered sections of 5 U.S.C., 18 U.S.C., 26 U.S.C., 29 U.S.C. and 42 U.S.C.

2.  At all times relevant hereto, Plaintiff was and/or has been a participant in an ERISA-governed welfare benefit plan ("the Plan"), sponsored and administered by C&J Energy Services, Inc. ("Employer" or "Plan Sponsor") and funded by a policy of insurance ("the Policy") issued by The Prudential Insurance Company of America ("Prudential").

3.  At all times relevant hereto, the Plan named Prudential as claims administrator for the Plan.

4.  Plaintiff hereby challenges Prudential's wrongful denial/termination of Plaintiff's Plan-based claim(s) for long-term disability ("LTD") benefits. Specifically, Plaintiff seeks this Court's declaration (award) of Plaintiff's past, present and future right(s) to Plan benefits, an appropriate monetary judgment against Prudential for benefits accrued but unpaid to the date of judgment,

compulsory injunctive relief compelling Prudential to pay awarded benefits accruing after the date of judgment and any and all other legal or equitable relief allowed by law, including (but not limited to) litigation costs, attorney's fees and pre/post judgment interest.

## Jurisdiction and Venue

5. This Court has personal and subject matter jurisdiction over this case pursuant to 29 U.S.C. §1132(e) and (f) because Prudential has breached obligations imposed by ERISA.

6. Plaintiff is a bona fide resident of Caddo County, Oklahoma and has been for more than 6 months next preceding the filing of this lawsuit.

7. At all times relevant hereto, Plaintiff was (and is to the extent of the claims made herein) a participant in the Plan within the meaning of 29 U.S.C. §1002(b)(7).

8. Plaintiff has standing to bring this action pursuant to 29 U.S.C. §1132(a).

9. Prudential is a foreign (non-Oklahoma) insurance company doing business and holding assets in all counties in Oklahoma. It may be served with process by serving the Oklahoma Department of Insurance.

10. The Plan Sponsor is a for-profit corporation doing business in the State of Oklahoma, deriving revenue from the business it conducts therein.

## First Claim for Relief

11. The Plan's covered class(es) of employees includes Plaintiff.

12. As a full-time employee, Plaintiff enrolled in and became insured under the Plan and was so insured at all times relevant hereto.

13. The policy provides for LTD benefits to cover covered employees who meet all contrac-

2

tual provisions, including the definition of disability.

14. The terms of the group policy defining disability are:

> You are disabled when Prudential determines that, due to your sickness or injury:
> - you are unable to perform the material and substantial duties of your regular occupation, or you have a 20% or more loss in your monthly earnings; and
> - you are under the regular care of a doctor
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
> - you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.

15. There is a 90-day elimination period.

16. Disability benefits, if awarded, are 60% of the employee's pre-disability monthly earnings capped at $10,000.00 less any deductible sources of income defined by the Plan.

17. Plaintiff last worked for the Employer on or about October 15th, 2015, and has been unable to return to her job since then.

18. Plaintiff claimed long-term disability benefits in accordance with the Plan's prescribed procedure for doing so.

19. Her claim was approved and Prudential began paying benefits January 17th, 2016.

20. By letter dated October 3rd, 2018 ("the Adverse Benefit Determination" or "ABD"), Prudential terminated Plaintiff's LTD benefits.

21. Plaintiff registered an appeal of the ABD in accordance with the Plan's prescribed procedure for doing so.

22. On said review, Prudential affirmed the ABD.

23. Plaintiff registered a voluntary, optional appeal as allowed by the Plan.

24. On said voluntary, optional review, Prudential again affirmed the ABD.

25. Prudential's aforesaid administrative reviews were neither full nor fair, as required by law.

26. Plaintiff has exhausted all administrative remedies required or allowed by the Plan.

27. The ABD was based upon Prudential's contention that the medically supported restrictions and limitations in Plaintiff's claim file indicated that she retained "the ability to perform the gainful occupation of Human Resource Manager which is also her regular occupation."

28. In fact, as of the date of the ABD and thereafter, Plaintiff's file clearly established that she remained disabled from performing the material and substantial duties of her regular occupation.

29. Prudential's claim to the contrary was an arbitrary, capricious, contrived, falsely constructed and wrongful breach of the policy terms.

30. As a result of Prudential's arbitrary, capricious, contrived, falsely constructed and wrongful determination, Plaintiff has been deprived of the Plan's disability protections and benefits.

31. Prudential's wrongful termination of Plaintiff's long-term disability benefits is remediable by this action, brought pursuant to 29 U.S.C. §1132(a) and extant jurisprudence.

WHEREFORE, Plaintiff Debra Johnson prays for the following relief:

A. Declaratory relief that she is entitled to Plan benefits, past, present and future, and;

B. Monetary relief in an amount equal to benefits accrued (but unpaid) between the date of Prudential's wrongful termination and the date of judgment, and;

C. Pre-judgment interest at the rate of 15% per annum from the time each of said monthly

benefits accrued to the date of judgment, and;

D.  Reasonable attorneys fees and costs pursuant to 29 U.S.C. §1132(g), and;

E.  Any and all other relief that this Honorable Court deems appropriate.

Respectfully Submitted,

_____
James W. Dunham, Jr., OBA #2532
2112 Bank of America Center
15 West 6th Street
Tulsa, OK. 74119
Voice: (918) 592-1144
Fax: (918) 592-1149
Email: elawyer@swbell.net
Counsel to Plaintiff